# Northern Central Trust Company *v.* Security Mutual Life Insurance Company, Appellant.

*Insurance—Life insurance—Annual premiums—Date of payments.*

Where an insurance company issues a contract of insurance dated April 21, 1896, in consideration of an advanced payment designated, "and of the further payment of three hundred and three dollars and fifty cents to be made on or before the twenty-first day of July in every year," and such payments are made for fifteen years and always receipted for as "the regular yearly advanced payment," and the last regular payment is made on July 21, 1910, and the insured dies on June 6, 1911, the insurance company is not entitled to deduct from the amount specified on the face of the policy three-fourths of a year's premium for the period which elapsed between July 21, 1911, and April 21, 1912.   In such a case the current year commences on July 21, when the yearly premiums are to be paid, and not on April 21, the date of the contract.

Argued Feb. 25, 1913.   Appeal, No. 2, Feb. T., 1913, by defendant, from order of C. P. Lycoming Co., Dec. T., 1911, No. 55, making absolute rule for judgment for want

of a sufficient affidavit of defense in case of Northern
Central Trust Company, Guardian of Henrietta Norris
Huff, and Samuel Norris Williams Huff v. The Security
Mutual Life Insurance Company.   Before RICE, P. J.,
HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.
Affirmed.

Assumpsit on a policy of life insurance.

The material portion of the policy was as follows:

"In consideration of the application for this policy,
which is made a part of this contract, and the payment in
advance of three hundred and eighty-two dollars and
forty cents, and of the further payment of three hundred
and three dollars and fifty cents to be made on or before
the 21st day of July in every year during the continuance
of this contract, The Security Mutual Life Association
does hereby receive Samuel N. Williams, of Williamsport,
County of Lycoming, State of Pa., as a member of said
Association and issues this policy, subject to the condi-
tions and with the benefits hereon indorsed, which are
made a part of this contract, and upon receipt of satis-
factory evidence to the Association of the death of the
above named member during the continuance of this
policy in full force and effect, promises to pay at its office
in the City of Binghamton, N. Y., to Alice Williams Huff,
his daughter, if living at the time of such death, otherwise
to the legal representatives of the deceased, the sum of
ten thousand dollars, upon presentation and surrender of
this policy properly receipted, less the balance (if any) of
the payments for the current year of the death of the
insured, and any indebtedness of the insured or bene-
ficiary to the association."

On the death of Alice Williams Huff, the beneficiary
named, her children, Henrietta N. Huff and Samuel N. W.
Huff, were designated as beneficiaries in the policy.

On July 21, 1897, and on each succeeding July 21, of
each year up to and including July 21, 1910, the insured
paid the regular yearly advance premium demanded by the

appellant and received therefor the receipts of the company, the last of which is as follows, the preceding ones being all in the same form:

"July 21st, 1910.

"Received five hundred ninety-one and 10/100 dollars for the regular yearly advance premium payment on policy No. 16,100, on life of Samuel N. Williams.

"CHAS. A. LaDUE, Secretary.

"Countersigned: W. B. WHITNEY."

S. N. Williams died on June 6, 1911.

On rule for judgment for want of a sufficient affidavit of defense, WHITEHEAD, P. J., filed the following opinion:

The action in this case was brought to recover a sum alleged to be due upon a policy of insurance issued by the defendant upon the life of Samuel N. Williams for the use and benefit of the plaintiffs.

The defendant filed an affidavit of defense, in which it admits the contract set out in the plaintiff's statement, but contends that the full amount of said policy should not be paid because, at the time of the death of the insured, there was due the defendant three-quarters of a year's premium.

The plaintiffs entered a rule for judgment for want of a sufficient affidavit of defense.

The policy of insurance was issued to the insured on April 21, 1896, and the insured died on June 6, 1911.

The only question to consider in disposing of this rule is the construction to be put upon the following language:

"Less the balance (if any) of the payments for the current year of the death of the insured, and any indebtedness of the insured or beneficiary to the Association."

When did the current year commence for the advance payment of the yearly premiums under this clause of the contract?

The defendant claims that the current year commenced April 21, the date of the policy, and the plaintiffs argue that the current year, within the terms of the contract, commenced on July 21, the date when the yearly premiums were to be paid under the contract.

The mere fact that the policy bears date April 21, and was presumably issued on that date, is not conclusive that the current year, within the terms of the contract, commenced on that date. It certainly was within the power of the parties to the contract to fix a time of payment for the current year, which time might be or might not be the date of the contract. There is nothing ambiguous in the contract so far as the yearly payments are concerned.· The defendant fixed the time when this yearly premium was to be paid and for a period of fifteen years has received, on or before said date, said annual payment; that the defendant considered July 21 to be the date when a complete yearly premium was due is evidenced by its receipts, all of which recite that the payment received is "for the regular yearly advance payment." Could the language "regular yearly advance payment" apply to any year except the current year? We think not.

The contract calls for the "payment of Three Hundred and Three Dollars and Fifty Cents to be made on or before the 21st of July in every year," and all payments were made in pursuance to said contract.

In order to sustain the contention of the defendant, the payments made by the plaintiffs and accepted by the defendant for fifteen years were really not an annual payment, although made at one time, but was, in fact, the sum of two installments, one for nine months and one for three months, that is, the payment made on July 21, 1910, paid up to April 21, 1911, and an installment of three months on the year ending April 21, 1912.

If this construction is to be placed upon this policy, then it certainly is ambiguous and admits of two interpretations.

The language of the contract indicates, and the insured

was justified in believing that the payment for the current year commenced on July 21.

A contract of insurance must have a reasonable interpretation, such as was probably in the contemplation of the parties when it was made; and when the words of a policy are, without violence, susceptible of two interpretations, that which will sustain a claim to the indemnity it was the object of the insured to obtain should be preferred.

It is true that when a contract of insurance fixes a yearly sum to be paid, but divides this sum into installments, the division is made for the accommodation of the insured, and upon the death of the insured the balance of installments unpaid, but which would fall due during the current year, could be deducted from the amount of the policy, but in this policy the yearly premium was not divided into installments.

The cases relied upon by the defendant all relate to policies in which the yearly payment was divided into installments, and have no application to this policy. This policy was based upon an annual payment; the date of said payment was fixed by the defendant, and the yearly "payment for the current year of the death of the insured," having been made by the insured, according to the terms of the contract, judgment should be entered in favor of the plaintiffs and against the defendant.

The rule, therefore, for judgment for want of a sufficient affidavit of defense is made absolute.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Edgar Munson,* of *Candor & Munson,* for appellant, cited: Bracher v. Assurance Society, 186 N. Y. 62 (78 N. E. Repr. 714); Frink v. Ins. Co., 7 Lack. Jur. 337; Albert v. Life Ins. Co., 122 N. C. 92 (30 S. E. Repr. 327).

*Seth T. McCormick, Jr.,* for appellee, cited: Frick v. Ins. Co., 218 Pa. 409; Reynolds v. Casualty Co., 30 Pa.

Superior Ct. 456; Smith v. Ins. Co., 103 Pa. 177; W. & A. Pipe Lines v. Ins. Co., 145 Pa. 346; Teutonia Fire Ins. Co. v. Mund, 102 Pa. 89; Burkhard v. Ins. Co., 102 Pa. 262.

PER CURIAM, April 21, 1913:

Our judgment is that this case was rightly decided by the learned judge of the common pleas and the judgment is affirmed for the reasons set forth in the opinion filed by him.